UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:24-cv-60530-AHS

TESLA, INC.,

      Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"

      Defendants.

_____/

**PLAINTIFF'S MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT
AGAINST DEFENDANTS AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

      Plaintiff, Tesla, Inc. ("Plaintiff"), by and through its undersigned counsel, hereby moves for entry of final default judgment against Defendants, the Individuals, Partnerships, and Unincorporated Associations identified on Schedule "A" hereto (collectively "Defendants"). In support thereof, Plaintiff submits the following Memorandum of Law.

**MEMORANDUM OF LAW**

**I.      INTRODUCTION**

      Plaintiff initiated this action against Defendants through the filing of its Complaint [ECF No. 1] for trademark counterfeiting and infringement, false designation of origin, common law unfair competition, and common law trademark infringement. Defendants are in default, and the prerequisites for a default judgment have been met. As relief, Plaintiff seeks default judgment finding Defendants liable on all counts of his Complaint. Plaintiff prays such judgment includes the entry of a permanent injunction and an award of damages to Plaintiff for Defendants' willful infringement pursuant to 15 U.S.C. § 1117(a). Plaintiff also requests the Court order the listings

and associated images of the goods bearing counterfeits and/or infringements of Plaintiff's trademarks being used by Defendants be permanently removed to ensure the associated e-commerce marketplace stores may no longer be used as a means for selling goods bearing counterfeits and infringements of Plaintiff's trademarks, and infringing upon Plaintiff's intellectual property rights.  Plaintiff further requests the Court cancel, or at Plaintiff's election, transfer the domain names at issue to ensure the associated websites may no longer be used as a means for selling goods bearing counterfeits of Plaintiff's trademarks, and infringing upon Plaintiff's rights.

## II.    STATEMENT OF FACTS

### A.    Plaintiff's Rights

Plaintiff is the owner of the trademarks identified in Schedule B of the Declaration of Lou Dorny in Support of Plaintiff's Renewed *Ex Parte* Motion for Entry of Temporary Restraining Order, Preliminary Injunciton, and Order Restraining Transfer of Assets ("Dorny Decl.") [ECF No. 17-2] (the "Tesla Marks").  The Tesla Marks are used in connection with the design, marketing, and distribution of genuine high-quality Tesla branded goods.  (Dorny Decl. at ¶ 5.)  The Tesla Marks are a symbol of Plaintiff's quality, reputation, and goodwill and has never been abandoned.  (*Id.* at ¶ 10.)  Moreover, Plaintiff has expended substantial time, money, and other resources developing, advertising, and otherwise promoting its trademarks.  (*Id.* at ¶ 7.)

Furthermore, Plaintiff has extensively used, advertised, and promoted the Tesla Marks in the United States, and has carefully monitored and policed the use of the Tesla Marks.  (*Id.* at ¶¶ 6, 7, & 10.)  The Tesla Marks have come to symbolize the enormous goodwill of Plaintiff's products throughout the United States.  (*Id.* at ¶¶ 6-10.)

### B.    Defendants' Infringing Acts

2

As alleged by Plaintiff, admitted by default, and established by the evidence submitted herewith, Defendants operate and control e-commerce stores via third-party marketplace websites under their seller identification names and/or commercial Internet websites operating under their domain names as identified on Schedule "A" hereto (the "Seller IDs"). As such, Defendants are the active, conscious, and dominant forces behind the promotion, advertisement, distribution, offering for sale, and sale of goods bearing counterfeit and infringing trademarks which are exact copies of one or more of the Tesla Marks (the "Counterfeit Goods"). (*See* Dorny Decl. at ¶¶ 11-14; Declaration of Richard Guerra in Support of Plaintiff's Renewed *Ex Parte* Motion for Entry of Temporary Restraining Order, Preliminary Injunction, and Order Restraining Transfer of Assets ("Guerra Decl. ISO Mot. for TRO") [ECF No. 17-3] at ¶ 4; *see also* relevant web page captures from Defendants' Internet based e-commerce stores and commercial websites operating under the Seller IDs displaying the Tesla branded items offered for sale ("Defendants' Seller IDs"). *See* Dorny Decl. at Exhibit 1 [ECF No. 11-1 – 11-12].

Further, as admitted by Defendants through default, at all times relevant, Defendants have had full knowledge of Plaintiff's ownership of the Tesla Marks, including its exclusive right to use and license such intellectual property and the goodwill associated therewith. (Compl. ¶ 35.) Defendants do not have, nor have they ever had, the right or authority to use the Tesla Marks for any purpose. (*See* Dorny Decl. at ¶ 11). However, despite their known lack of authority to do so, Defendants have engaged in the activity of promoting, and otherwise advertising, selling, offering for sale, and distributing their counterfeit branded goods via the Seller IDs. (*See* Compl. ¶¶ 30-43; *see also* Dorny Decl. at ¶¶ 11-14; Guerra Decl. ISO Mot. for TRO at ¶ 4.)

Plaintiff's evidence, obtained as a result of its investigation of Defendants, clearly

3

demonstrates Defendants are engaged in the fraudulent promotion, advertisement, distribution, offering for sale, and sale of goods bearing counterfeits of the Tesla Marks.   Plaintiff's counsel retained a private investigative firm, to investigate the promotion and sale of counterfeit and infringing versions of Tesla branded products by Defendants and to determine Defendants' payment account data for receipt of funds paid for the sale of counterfeit versions of Plaintiff's branded products through the Seller IDs.  (*See* Dorny Decl. at  ¶ 12; Guerra Decl. ISO Mot. for TRO at ¶ 5.)  Plaintiff's investigator accessed Defendants' Internet based e-commerce stores operating under each of the Seller IDs, and placed orders for the purchase of various products offered for sale bearing, or suspected to be bearing, at least one of the Tesla Marks at issue in this action from each Defendant and requested each product to be shipped to an addresses in the Southern District of Florida.  (*See* Dorny Decl. at ¶ 13; Guerra Decl. ISO Mot. for TRO at ¶ 5.)  At the conclusion of the process, the detailed web page captures and images of the Tesla branded items wherein orders were initiated via Defendants' Seller IDs, were sent to Plaintiff's representative for review.  (*Id*.)

Plaintiff's representative, who is able to identify distinctions between genuine Tesla branded merchandise and counterfeit copies of the same, reviewed and visually inspected the Tesla branded items ordered from each of the Seller IDs and by reviewing the e-commerce stores and websites operating under each of the Seller IDs, or the detailed web page captures and images of the items bearing the Tesla Marks, and determined the products were not genuine versions of Plaintiff's products.  (Dorny Decl. at ¶ 14.)

### C.    Procedural Background

On April 4, 2024, Plaintiff filed its Complaint [ECF No. 1].  On April 23, 2024, Plaintiff filed its Renewed *Ex Parte* Motion for Entry of Temporary Restraining Order, Preliminary

Injunction, and Order Restraining Transfer of Assets [ECF No. 17].   On April 29, 2024, the Court entered a Sealed Order Granting Plaintiff's Renewed *Ex Parte* Motion for Entry of Temporary Restraining Order [ECF No. 19], and subsequently converted the temporary restraining order into a preliminary injunction on May 23, 2024 [ECF No. 43].   The temporary restraining order and preliminary injunction required, inter alia, any third party financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms who is providing services for any of the Defendants, (*i.e.,* eBay), and their related companies and affiliates (collectively, the "Third Party Providers"), to identify and restrain all funds in Defendants' associated payment accounts, including all other financial accounts tied to, used by, or that transmit funds into, the respective Defendants' financial accounts, and divert those funds to a holding account for the trust of the Court.   Subsequently, Plaintiff's counsel received notice from the applicable financial institutions that they complied with the requirements of the Court's Order.   *See* Declaration of Richard Guerra in support of Motion for Entry of Final Default Judgment ("Guerra Decl. ISO FDJ") at ¶ 3.

On April 23, 2024, Plaintiff filed its Renewed *Ex Parte* Motion for Order Authorizing Alternative Service of Process on Defendants [ECF No. 16], which the Court granted on April 29, 2024 [ECF No. 18], authorizing Plaintiff to serve the summons, Complaint, and all subsequent filings in this matter upon Defendants via e-mail and posting copies of the same on Plaintiff's designated service notice website.   Pursuant to the Court's Order authorizing alternate service of process, Plaintiff served Defendants on May 9, 2024, via e-mail and publication by posting a true and correct copy of the Complaint, Complaint, and summons on the website: https://www.dropbox.com/scl/fo/5l8o71stexfid3r7p4c6n/APy3slc38GRP4C_ittweew?rlkey=74yyvmk7a ecea18vc5p5ehl1c&dl=0.   (*See* Guerra Decl. ISO FDJ ¶ 4; Proof of Service [ECF No. 28].)   The

time allowed for Defendants to respond to the Complaint has expired.  (*See* Guerra Decl. ISO FDJ ¶ 5.)  Defendants have not been granted any extension of time to respond, nor have they served or filed an Answer or other response.  (*Id.* at ¶ 6.)  To Plaintiff's knowledge, none of the Defendants are infants or incompetent persons, and, upon information and belief, the Servicemembers Civil Relief Act does not apply.  (*Id.* at ¶ 7.)  On June 11, 2024, Plaintiff moved for entry of Clerk's Default [ECF No. 62], which the Clerk of the Court entered on June 12, 2024 [ECF No. 64].   Plaintiff now moves the Court to grant Final Default Judgment against Defendants and submits this Motion in compliance with the Court's Order requiring same.

## III.   ARGUMENT

### A.   Default Judgment Should be Entered Against Defendants.

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.  Personal jurisdiction over Defendants and venue in this district are proper under 28 U.S.C. § 1391 as Defendants direct business activities toward consumers throughout the United States, including within the State of Florida and this district and cause harm to Plaintiff's business within this jurisdiction through the Internet based e-commerce stores and websites operating under the Seller IDs.  (*See* Compl. ¶¶ 4-8.)

#### 1.   Default Judgment is Proper.

A court may order a default judgment pursuant to Fed. R. Civ. P. 55(b)(2).  *See* Fed. R. Civ. P. 55.  In defaulting, the well-pled factual allegations of a plaintiff's complaint, other than those related to damages, will be taken as true. *PetMed Express, Inc. v. Medpets.com*, 336 F. Supp. 2d 1213, 1217 (S.D. Fla. 2004) (*citing Buchanan v. Bowman*, 820 F.2d 359 (11th Cir. 1987)).  In this case, the Complaint and declaration filed in support of Plaintiff's Motion for Entry of Final Default Judgment clearly demonstrate that default judgment pursuant to Rule 55

6

of the Federal Rules of Civil Procedure should be entered against Defendants.

**2.      Factual Allegations Establish Defendants' Liability.**

Title 15 U.S.C. § 1125 provides liability for false designation of origin where a plaintiff pleads "an injury to a commercial interest in sales or business reputation proximately caused by the defendant's misrepresentations." *Lexmark Int 'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1395, 188 L. Ed. 2d 392 (2014).  To prevail on a claim of false designation of origin under Section 43(a) of the Lanham Act, Plaintiff must prove that Defendants used in commerce, in connection with any goods or services, any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, which is likely to deceive as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval, of Defendants' goods by Plaintiff. 15 U.S.C. § 1125(a)(1).  *See also Suntree Techs., Inc. v. Ecosense Intern., Inc.*, 693 F.3d 1338, 1348 (11th Cir. 2012) (A false designation claim requires the plaintiff to show that (1) "it had trademark rights in the mark or name at issue and (2) that the other party had adopted a mark or name that was the same, or confusingly similar to its mark, such that customers were likely to confuse the two.").  The test for liability for false designation of origin under Section 43(a) is "whether the public is likely to be deceived or confused by the similarity of the marks at issue." *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 780, 112 S.Ct. 2753, 2763 (1992).

Whether a defendant's use of a plaintiff's trademarks created a likelihood of confusion between the plaintiff's and the defendant's products is also the determining factor in the analysis of unfair competition under the common law of Florida.  *See Planetary Motion, Inc. v. Techsplosion, Inc.*, 261 F.3d 1188, 1193 n.4 (11th Cir. 2001) ("Courts may use an analysis of federal infringement claims as a 'measuring stick' in evaluating the merits of state law claims.").

7

Further, the test to determine trademark infringement liability under Florida common law is the same as the likelihood of consumer confusion test outlined under the Lanham Act. *See PetMed Express, Inc.*, 336 F. Supp. 2d at 1217-18.

The well-pled factual allegations of Plaintiff's Complaint, properly allege the elements for each of the above claims. Moreover, the factual allegations in Plaintiff's Complaint, substantiated by the evidence submitted herewith, conclusively establish Defendants' liability under each of the claims asserted in the Complaint. Accordingly, Default Judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure should be entered against Defendants.

**B.     Plaintiff's Requested Relief Should be Granted.**

**1.     Entry of a Permanent Injunction is Appropriate.**

Pursuant to the Lanham Act, a district court is authorized to issue an injunction "according to the principles of equity and upon such terms as the court may deem reasonable," to prevent violations of trademark law. 15 U.S.C. § 1116(a). Indeed, "[i]njunctive relief is the remedy of choice for trademark and unfair competition cases, since there is no adequate remedy at law for the injury caused by a defendant's continuing infringement." *Burger King Corp. v. Agad*, 911 F. Supp. 1499, 1509-10 (S.D. Fla. 1995) (*citing Century 21 Real Estate Corp. v. Sandlin*, 846 F.2d 1175, 1180 (9th Cir. 1988)). Moreover, even in a default judgment setting, injunctive relief is available. *See e.g., PetMed Express, Inc.*, 336 F. Supp. 2d at 1222-23. Defendants' failure to respond or otherwise appear in this action makes it difficult for Plaintiff to prevent further infringement absent an injunction. *See Jackson v. Sturkie*, 255 F. Supp. 2d 1096, 1103 (N.D. Cal. 2003) ("[D]efendant's lack of participation in this litigation has given the court no assurance that defendant's infringing activity will cease. Therefore, plaintiff is entitled to permanent injunctive relief."). Pursuant to 15 U.S.C. § 1116, this Court should permanently

enjoin Defendants from continuing to infringe any of Plaintiff's intellectual property rights, including the Tesla Marks.

Permanent injunctive relief is appropriate where a plaintiff demonstrates 1) it has suffered irreparable injury; 2) there is no adequate remedy at law; 3) the balance of hardship favors an equitable remedy; and 4) an issuance of an injunction is in the public's interest. *eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 392-93, 126 S. Ct. 1837, 164 L. Ed. 2d 641 (2006).  As demonstrated herein, and based upon the issuance of the temporary restraining order and preliminary injunction entered in this matter, Plaintiff has clearly carried its burden on each of the four factors, warranting permanent injunctive relief, because Defendants have unlawfully used Plaintiff's goodwill to make a profit.  Accordingly, permanent injunctive relief is appropriate.

Defendants' actions merit permanent injunctive relief, not only to protect Plaintiff's reputation, but also to protect consumers from being deceived as to the quality and source of products bearing Plaintiff's trademarks.  The facts alleged in Plaintiff's Complaint, substantiated by the evidence submitted herewith, show Defendants are "continuously infringing and inducing others to infringe" the Tesla Marks by using them to advertise, promote, and sell goods bearing marks which are identical or altered to be identical to the Tesla branded goods. (*See* Compl. at ¶ 46).

Plaintiff is clearly suffering, and will continue to suffer, irreparable injury if Defendants' infringing activities are not permanently enjoined.  (*See* Dorny Decl. at ¶ 18.)  "[A] sufficiently strong showing of likelihood of confusion . . . may by itself constitute a showing of a substantial threat of irreparable harm."  *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir.1998); *see also Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 986 (11th

9

Cir.1995) ("There is no doubt that the continued sale of thousands of pairs of counterfeit jeans would damage LS & Co.'s business reputation and might decrease its legitimate sales."). In any event, Plaintiff's Complaint alleges that Defendants' unlawful actions have caused Plaintiff irreparable injury, and will continue to do so if Defendants are not permanently enjoined. (Compl. ¶¶ 50, 58.) Defendants have defaulted upon Plaintiff's factual allegations in that respect.

Additionally, Plaintiff has no adequate remedy at law so long as Defendants continue to use Plaintiff's trademarks in connection with the operation of their Internet based e-commerce stores under the Seller IDs because Plaintiff will have no control of the quality of what appears to be its products in the marketplace. An award of money damages alone will not cure the injury to Plaintiff's reputation and goodwill which will result if Defendants' infringing and counterfeiting actions are allowed to continue. Moreover, it can hardly be said that Defendants face hardship in refraining from their willful infringement of Plaintiff's trademarks, whereas Plaintiff faces hardship from loss of sales and its inability to control its reputation. In reality, Defendants have no cognizable hardship, as they will be prohibited from selling counterfeit goods, which is an illegal act to begin with. Finally, the public has an interest in the issuance of a permanent injunction against Defendants in order to prevent consumers from being misled by Defendants' products. *See Chanel, Inc. v. besumart.com*, 240 F. Supp. 3d 1283, 1291 (S.D. Fla. 2016) ("[A]n injunction to enjoin infringing behavior serves the public interest in protecting consumers from such behavior." (alteration added) (citation omitted)); *BellSouth Adver. & and Publ'g. Corp. v. Real Color Pages, Inc.*, 792 F. Supp. 775, 785 (M.D. Fla. 1991) (holding "[i]n a trademark infringement or unfair competition case, a third party, the consuming public is present and its interests are paramount."). Ultimately, the permanent injunction will prevent consumer

10

confusion and deception in the marketplace, and will protect Plaintiff's property interest in its trademarks.

Furthermore, as admitted by Defendants through default, (i) the Seller IDs and associated payment accounts are essential components of Defendants' online activites, and (ii) the Seller IDs themselves are one of the means by which Defendants further their counterfeiting and infringement scheme and cause harm to Plaintiff. (*See* Compl. at ¶ 22.) Therefore, in order to effectuate the injunction as a practical matter, all listings and associated images of goods bearing counterfeits and/or infringements of the Tesla Marks via the Seller IDs should be permanently removed by the applicable governing Internet marketplace platform operators and/or administrators. Absent the removal of all listings and associated images of goods bearing and/or using counterfeits and/or infringements of the Tesla Marks, Defendants will remain free to continue infringing Plaintiff's trademarks with impunity, will continue to benefit from the Internet traffic to those e-commerce stores and websites built through the unlawful use of the Tesla Marks, and will continue to defraud the public by their illegal activities. The Court's powers of equity are sufficiently broad to compel measures necessary to enforce an injunction against infringement. *See, e.g., Swann v. Charlotte-Mecklenburg Bd. of Educ.*, 402 U.S. 1, 15, 91 S. Ct. 1267, 1276 (1971) ("Once a right and a violation have been shown, the scope of a district court's equitable powers to remedy past wrongs is broad, for. . . the essence of equity jurisdiction has been the power of the Chancellor to do equity and to mould each decree to the necessities of the particular case."); *United States v. Bausch & Lomb Optical Co.*, 321 U.S. 707, 724 (1944) ("Equity has power to eradicate the evils of a condemned scheme by prohibition of the use of admittedly valid parts of an invalid whole.").

Defendants have created an Internet-based counterfeiting and infringement scheme and

11

are profiting from the deliberate misappropriation of Plaintiff's rights. Accordingly, the Court should eliminate the means by which Defendants conduct their unlawful activities to further prevent the use of these instrumentalities of infringement.[1]

### 2.   Damages as to Count I for Trademark Counterfeiting and Infringement.

In a case involving the use of counterfeit marks in connection with a sale, offering for sale, or distribution of goods, 15 U.S.C. § 1117(c) provides that a plaintiff may elect an award of statutory damages at any time before final judgment is rendered in the sum of not less than $1,000.00 nor more than $200,000.00 per counterfeit mark per type of good. 15 U.S.C. § 1117(c)(1). In addition, if the Court finds that Defendants' counterfeiting actions were willful, it may impose damages above the maximum limit up to $2,000,000.00 per mark per type of good. 15 U.S.C. § 1117(c)(2). Pursuant to 15 U.S.C. § 1117(c), Plaintiff elects to recover an award of statutory damages as to Count I of the Complaint.

---

[1] *See e.g., Michael Kors, L.L.C. v. Individuals, P'ships, and Unincorporated Ass'ns Identified on Schedule "A"*, Case No. 19-cv-63119-RKA (S.D. Fla. Apr. 27, 2020) (Order requiring, *inter alia*, the Internet marketplace website operators and/or administrators for the Seller IDs, to permanently remove all listings and associated images of products bearing counterfeits and/or using infringements of plaintiff's trademarks under the seller identification names used/controlled by defendants); *Adidas AG v. Individuals, P'ships, and Unincorporated Ass'ns Identified on Schedule "A"*, Case No. 19-cv-63109-RKA (S.D. Fla. Mar. 31, 2020) (same); *Chanel, Inc. v. Individuals, P'ships, and Unincorporated Ass'ns Identified on Schedule "A"*, Case No. 19-CV-62102-RKA (S.D. Fla. Nov. 5, 2019, docketed Nov. 6, 2019) (same), *Gucci America, Inc., v. Individuals, P'ships, and Unincorporated Ass'ns Identified on Schedule "A"*, Case No. 19-cv-61447-RKA (S.D. Fla. Oct. 15, 2019, docketed Oct. 16, 2019) (same); *Tiffany (NJ) LLC, v. account n*, Case No. 19-cv-61294-RKA (S.D. Fla. Aug. 16, 2019, docketed Aug. 19, 2019) (same). *See also Malletier v. Individuals, P'ships, and Unincorporated Ass'ns Identified on Schedule "A"*, No. 19-cv-61021-MGC, 2019 U.S. Dist. LEXIS 225874 (S.D. Fla. Dec. 12, 2019) (same); *Chanel, Inc. v. Fendona*, No. 19-cv-60734-BB, 2019 U.S. Dist. LEXIS 225780 (S.D. Fla. May 23, 2019) (same); *Fendi S.R.L. v. Joe Bag*, No. 19-cv-61356-RAR, 2019 U.S. Dist. LEXIS 169132 (S.D. Fla. Aug. 28, 2019) (same); *Adidas AG v. gshwjs*, Case No. 19-cv-61811-RS (S.D. Fla. Nov. 25, 2019) (same); *Apple Corps Limited v. Alvis Bronte*, Case No. 19-cv-60928-UU (S.D. Fla. June 24, 2019) (same); *YETI Coolers, LLC v. allramblerdeal.com*, Case No. 18-cv-62811-WPD (S.D. Fla. May 31, 2019) (same).

The Court has wide discretion to set an amount of statutory damages. *PetMed Express, Inc.*, 336 F. Supp. 2d at 1219 (*citing Cable/Home Commc'n Corp. v. Network Prod., Inc.*, 902 F.2d 829, 852 (11th Cir. 1990)).   Indeed, an award of statutory damages is an appropriate remedy, despite a plaintiff's inability to provide actual damages caused by a defendant's infringement. *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 852 (E.D. Mich. 2006) ("[A] successful plaintiff in a trademark infringement case is entitled to recover enhanced statutory damages even where its actual damages are nominal or non-existent.").   Congress enacted a statutory damages remedy in trademark counterfeiting cases because evidence of a defendant's profits in such cases is almost impossible to ascertain. *See, e.g.*, S. REP. NO. 104-177, pt. V(7) (1995) (discussing purposes of Lanham Act statutory damages); *see also PetMed Express, Inc.*, 336 F. Supp. 2d at 1220 (statutory damages are "especially appropriate in default judgment cases due to infringer nondisclosure").   This case is no exception.

A defendant's intent can be of probative value for establishing willfulness, triggering an enhanced statutory award. *PetMed Express, Inc.*, 336 F. Supp. 2d at 1220.   A defendant is deemed to have acted willfully where "the infringer acted with actual knowledge or reckless disregard" to a plaintiff's intellectual property rights. *See Arista Records, Inc. v. Beker Enter., Inc.*, 298 F. Supp. 2d 1310, 1312 (S.D. Fla. 2003).   Willfulness may also be inferred from the defendant's default. *See PetMed Express, Inc.*, 336 F. Supp. 2d at 1217 (upon default, well plead allegations taken as true).   In either case, a defendant is deemed to have the requisite knowledge that its acts constitute an infringement.

The Tesla Marks are renowned worldwide as an identifier of high quality merchandise, and the fact that Defendants offered for sale and sold goods using marks which are identical or altered to be identical to such strong marks shows their desire and purpose to trade upon

13

Plaintiff's goodwill.  Indeed, in a case of clear-cut copying such as this, it is appropriate to infer that Defendants intended to cause confusion and benefit from Plaintiff's reputation, to Plaintiff's detriment.  *See PetMed Express, Inc.*, 336 F. Supp. 2d at 1220 (court infers intent to confuse consumers into believing affiliation from Defendants' use of such a mark that was confusingly similar).  Moreover, in this district, it has been held that when an alleged infringer adopts a mark "with the intent of obtaining benefit from the plaintiff's business reputation, 'this fact alone may be sufficient to justify the inference that there is confusing similarity.'"  *Turner Greenberg Assocs.*, 320 F. Supp. 2d 1317, 1333 (S.D. Fla. 2004) (*citing Carnival Corp. v. Seaescape Casino Cruises, Inc.*, 74 F. Supp. 2d 1261, 1268 (S.D. Fla. 1999)).

Here, the evidence clearly establishes that each Defendant intentionally copied one or more of the Tesla Marks for the purpose of deriving the benefit of Plaintiff's world-famous reputation.  In addition, Defendants defaulted on Plaintiff's allegations of willfulness.  (*See* Compl. at ¶ 37.)  *See Arista Records, Inc.*, 298 F. Supp. 2d at 1313 (finding a Court may infer willfulness from the defendants' default).  As such, this Court should award a significant amount of statutory damages under the Lanham Act to ensure Defendants do not continue their intentional and willful counterfeiting activities.

The evidence in this case demonstrates that each Defendant promoted, distributed, advertised, offered for sale, and/or sold at least one type of good bearing marks which were in fact counterfeits of at least, one of the Tesla Marks.  (*See* Compl. at ¶¶ 30-43; Dorny Decl. at ¶¶ 11-14 & Exhibit 1)  In cases involving the same merits, issues, and requests for damages, this Court has found similar evidence of record sufficient to establish a defendant's infringement and enter a final default judgment and permanent injunction accordingly.  *See, e.g.*, *Fendi S.R.L.. v. Individuals, P'ships, and Unincorporated Ass'ns Identified on Schedule "A"*, Case No. 20-CV-

14

61724-RNS (S.D. Fla. Dec. 22, 2020, docketed Dec. 23, 2020).   Based on the above considerations, Plaintiff respectfully suggests the Court award statutory damages in the amount of $200,000.00 against each Defendant.

Plaintiff's suggested damage amount is well within the permissible range prescribed under 15 U.S.C. § 1117(c)(2) and should be sufficient to deter Defendants and others from continuing to counterfeit or otherwise infringe Plaintiff's trademarks, compensate Plaintiff, and punish Defendants, all stated goals of 15 U.S.C. § 1117(c).   Joint Statement of Trademark Counterfeiting Legislation, H.R.J. Res. 648, 98th Cong., 2nd Sess., 130 Cong.Rec. H12076, H12083; *PetMed Express, Inc.*, 336 F. Supp. 2d at 1222 ("statutory damages under § 1117(c) are intended not just for compensation for losses, but also to punish and deter wrongful conduct."). This Court and others have granted statutory damages under the Lanham Act similar to Plaintiff's request herein.[2]

### 3.    Damages as to Count II for False Designation of Origin.

---

[2] *See, e.g., Michael Kors, L.L.C. v. Individuals, P'ships, and Unincorporated Ass'ns Identified on Schedule "A"*, Case No. 19-cv-63119-RKA (S.D. Fla. Apr. 27, 2020) (awarding Plaintiff $1,000,000.00 against each Defendant); *Adidas AG v. Individuals, P'ships, and Unincorporated Ass'ns Identified on Schedule "A"*, Case No. 19-cv-63109-RKA (S.D. Fla. Mar. 31, 2020) (same); *Chanel, Inc. v. Individuals, P'ships, and Unincorporated Ass'ns Identified on Schedule "A"*, Case No. 19-CV-62102-RKA (S.D. Fla. Nov. 5, 2019, docketed Nov. 6, 2019) (same); *Gucci America, Inc., v. Individuals, P'ships, and Unincorporated Ass'ns Identified on Schedule "A"*, Case No. 19-cv-61447-RKA (S.D. Fla. Oct. 15, 2019, docketed Oct. 16, 2019) (same); *Tiffany (NJ) LLC, v. account n*, Case No. 19-cv-61294-RKA (S.D. Fla. Aug. 16, 2019, docketed Aug. 19, 2019) (same). *See also Chanel, Inc. v. Replicachanelbag*, 362 F. Supp. 3d 1256 (S.D. Fla. 2019) (Bloom, B.) (same); *Malletier v. Individuals, P'ship*, No. 19-cv-61021-MGC, 2019 U.S. Dist. LEXIS 225874 (S.D. Fla. Dec. 12, 2019) (same); *Fendi S.R.L. v. Joe Bag*, No. 19-cv- 61356-RAR, 2019 U.S. Dist. LEXIS 169132 (S.D. Fla. Aug. 28, 2019) (same); *Chanel, Inc. v. Fendona*, No. 19-cv-60734-BB, 2019 U.S. Dist. LEXIS 225780 (S.D. Fla. May 23, 2019) (same); *Adidas AG v. gshwjs, et al.*, Case No. 19-cv-61811-RS (S.D. Fla. Nov. 25, 2019) (same); *Apple Corps Limited v. Alvis Bronte*, Case No. 19-cv-60928-UU (S.D. Fla. June 24, 2019) (same); *YETI Coolers, LLC v. allramblerdeal.com*, Case No. 18-cv-62811-WPD (S.D. Fla. May 31, 2019) (same); *Louis Vuitton Malletier, S.A. v. Beltteen*, Case No. 18-cv-62871-JIC (S.D. Fla. Mar. 22, 2019) (same).

The damages available under Section 35 of the Lanham Act are set forth in the Section of that Act entitled "Recovery for violation of rights," and provides,

> (a) Profits; damages and costs; attorney fees
> When a violation of any right of the registrant of a mark registered in the Patent and Trademark Office, a violation under section 1125(a) or (d) of this title, or a willful violation under section 1125(c) of this title, shall have been established in any civil action arising under this chapter, the plaintiff shall be entitled, subject to the provisions of sections 1111 and 1114 of this title, and subject to the principles of equity, to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action. The court shall assess such profits and damages or cause the same to be assessed under its direction. In assessing profits the plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost or deduction claimed. In assessing damages the court may enter judgment, according to the circumstances of the case, for any sum above the amount found as actual damages, not exceeding three times such amount. If the court shall find that the amount of the recovery based on profits is either inadequate or excessive the court may in its discretion enter judgment for such sum as the court shall find to be just, according to the circumstances of the case. Such sum in either of the above circumstances shall constitute compensation and not a penalty. The court in exceptional cases may award reasonable attorney fees to the prevailing party.

15 U.S.C. § 1117(a).

Thus, the Lanham Act provides that a plaintiff who prevails in a trademark infringement action "shall be entitled, subject to the provisions of sections 1111 and 1114 of this title, and subject to the principles of equity, to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action."  15 U.S.C. § 1117(a).

"The Eleventh Circuit has made clear that in assessing damages under the Act the court may enter judgment, according to the circumstances of the case, for any sum above the amount found as actual damages, not exceeding three times such amount."  *Hard Candy, LLC v. Anastasia Beverly Hills, Inc.*, Case No. 16-cv-21203, 2018 WL 10322164, *3 (S.D. Fla. Jan. 13, 2018).  "Further, if the court finds that the amount of the recovery based on profits is either inadequate or excessive the court may in its discretion enter judgment for the sum the court finds

16

to be just, according to the circumstances of the case." *Id.* (citing *Slep-Tone Entertainment Corp., v. Johnson*, 518 F. App'x 815, 819 (11th Cir. 2013); 15 U.S.C. 1117(a)).  "Thus, a district court has considerable discretion to award damages that are appropriate to the unique facts of the case and when the court concludes that an award of profits is 'excessive,' the Act expressly provides that it may award an amount of damages as it shall find to be just." *Id.*  "Finally, in *Burger King v. Mason*, 855 F. 2d 779 (11th Cir. 1988), the Eleventh Circuit stated, '... all monetary awards under Section 1117 are 'subject to the principles of equity,' [and] ... no hard and fast rules dictate the form or quantum of relief.'" *Id.* (citation omitted).

Further, "the Eleventh Circuit has defined an exceptional case as a case that can be characterized as malicious, fraudulent, deliberate and willful ... or a case where there is 'evidence of fraud or bad faith.'" *Rain Bird Corp. v. Taylor*, 665 F. Supp. 2d 1258, 1271 (N.D. Fla. 2009)  (citing *Dieter v. B & H Indus. of S.W. Fla., Inc.,* 880 F.2d 322, 329 (11th Cir. 1989); *Safeway Stores, Inc. v. Safeway Discount Drugs, Inc.*, 675 F.2d 1160, 1169 (11th Cir. 1982); *Tire Kingdom, Inc. v. Morgan Tire & Auto, Inc*., 253 F.3d 1332 (11th Cir. 2001)).  In the matter at hand, the Tesla Marks are renowned worldwide as identifiers of high quality merchandise, and the fact that Defendants offered for sale and sold goods using marks which are identical or altered to be identical to such strong marks shows their desire and purpose to trade upon Plaintiff's goodwill.  Indeed, in a case of clear-cut copying such as this, it is appropriate to infer that Defendants intended to cause confusion and benefit from Plaintiff's reputation, to Plaintiff's detriment.  *See PetMed Express, Inc.*, 336 F. Supp. 2d at 1220 (court infers intent to confuse consumers into believing affiliation from Defendants' use of such a mark that was confusingly similar).  Moreover, in this district, it has been held that when an alleged infringer adopts a mark "with the intent of obtaining benefit from the plaintiff's business reputation, 'this fact alone may

17

be sufficient to justify the inference that there is confusing similarity.'" *Turner Greenberg Assocs.*, 320 F. Supp. 2d 1317, 1333 (S.D. Fla. 2004) (*citing Carnival Corp. v. Seaescape Casino Cruises, Inc.*, 74 F. Supp. 2d 1261, 1268 (S.D. Fla. 1999)).

Here, the evidence clearly establishes that each Defendant intentionally copied one or more of the Tesla Marks for the purpose of deriving the benefit of Plaintiff's world-famous reputation.  In addition, Defendants defaulted on Plaintiff's allegations of fraudulent and intentional conduct.  (*See* Compl. at ¶¶ 18 & 37.)  *See Arista Records, Inc.*, 298 F. Supp. 2d at 1313 (finding a Court may infer willfulness from the defendants' default).  As such, this Court should award a significant amount of exceptional case damages under the Lanham Act to ensure Defendants do not continue their intentional and fraudulent activities.

The evidence in this case demonstrates that each Defendant promoted, distributed, advertised, offered for sale, and/or sold at least one type of good bearing marks which were in fact blatant knock offs of at least, one of the Tesla Marks.  (*See* Compl. at ¶¶ 30-43; Dorny Decl. at ¶¶ 11-14 & Exhibit 1.)  In cases involving the same merits, issues, and requests for damages, this Court has found similar evidence of record sufficient to establish a defendant's infringement and enter a final default judgment and permanent injunction accordingly.  *See, e.g.*, *Fendi S.R.L.. v. Individuals, P'ships, and Unincorporated Ass'ns Identified on Schedule "A"*, Case No. 20-CV-61724-RNS (S.D. Fla. Dec. 22, 2020, docketed Dec. 23, 2020).  Based on the above considerations, Plaintiff respectfully suggests the Court award damages in the amount of $200,000.00 against each Defendant.

Plaintiff's suggested damage amount is well within the permissible range prescribed under 15 U.S.C. § 1117(a) and should be sufficient to deter Defendants and others from continuing to counterfeit or otherwise infringe Plaintiff's trademarks, compensate Plaintiff, and

punish Defendants, all stated goals of 15 U.S.C. § 1117(a).  This Court and others have granted

damages under Section 35 of the Lanham Act similar to Plaintiff's request herein.[3]

>    **4.    Damages as to Count III for Common Law Unfair Competition, and
>           Count IV for Common Law Trademark Infringement.**

Plaintiff's Complaint also sets forth a cause of action for common law of unfair

competition (Count III), and common law trademark infringement (Count IV).  As to Counts III

and IV, the allowed scope of monetary damages is also encompassed in 15 U.S.C. § 1117(a).

Accordingly, judgment on Counts III and IV should be limited to the amount awarded pursuant

to Counts I and II and entry of the requested equitable relief.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court enter final default

judgment and a permanent injunction against Defendants in the form of the proposed Final

---

[3] *See, e.g., Michael Kors, L.L.C. v. Individuals, P'ships, and Unincorporated Ass'ns Identified on Schedule "A"*, Case No. 19-cv-63119-RKA (S.D. Fla. Apr. 27, 2020) (awarding Plaintiff $1,000,000.00 against each Defendant); *Adidas AG v. Individuals, P'ships, and Unincorporated Ass'ns Identified on Schedule "A"*, Case No. 19-cv-63109-RKA (S.D. Fla. Mar. 31, 2020) (same); *Chanel, Inc. v. Individuals, P'ships, and Unincorporated Ass'ns Identified on Schedule "A"*, Case No. 19-CV-62102-RKA (S.D. Fla. Nov. 5, 2019, docketed Nov. 6, 2019) (same); *Gucci America, Inc., v. Individuals, P'ships, and Unincorporated Ass'ns Identified on Schedule "A"*, Case No. 19-cv-61447-RKA (S.D. Fla. Oct. 15, 2019, docketed Oct. 16, 2019) (same); *Tiffany (NJ) LLC, v. account n*, Case No. 19-cv-61294-RKA (S.D. Fla. Aug. 16, 2019, docketed Aug. 19, 2019) (same). *See also Chanel, Inc. v. Replicachanelbag*, 362 F. Supp. 3d 1256 (S.D. Fla. 2019) (Bloom, B.) (same); *Malletier v. Individuals, P'ship*, No. 19-cv-61021-MGC, 2019 U.S. Dist. LEXIS 225874 (S.D. Fla. Dec. 12, 2019) (same); *Fendi S.R.L. v. Joe Bag*, No. 19-cv- 61356-RAR, 2019 U.S. Dist. LEXIS 169132 (S.D. Fla. Aug. 28, 2019) (same); *Chanel, Inc. v. Fendona*, No. 19-cv-60734-BB, 2019 U.S. Dist. LEXIS 225780 (S.D. Fla. May 23, 2019) (same); *Adidas AG v. gshwjs, et al.*, Case No. 19-cv-61811-RS (S.D. Fla. Nov. 25, 2019) (same); *Apple Corps Limited v. Alvis Bronte*, Case No. 19-cv-60928-UU (S.D. Fla. June 24, 2019) (same); *YETI Coolers, LLC v. allramblerdeal.com*, Case No. 18-cv-62811-WPD (S.D. Fla. May 31, 2019) (same); *Louis Vuitton Malletier, S.A. v. Beltteen*, Case No. 18-cv-62871-JIC (S.D. Fla. Mar. 22, 2019) (same).

Default Judgment and Permanent Injunction filed herewith.

Date:   June 13, 2024                    Respectfully submitted by,

**Richard Guerra**
Richard Guerra (Fla. Bar No. 689521)
Attorney Email address: rguerra@brickellip.com
THE BRICKELL IP GROUP, PLLC
1101 Brickell Avenue, South Tower, Suite 800
Miami FL, 33131
Telephone: (305) 728-8831
*Attorneys for Plaintiff*

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on June 14, 2024, the following defaulting Defendants in this

case were served with a copy of the foregoing document in the manner prescribed by this Court's

Order Authorizing Alternative Service of Process on Defendants [ECF No. 18] using the email

addresses set forth below:

| Def. No. | Defendant Name | Defendant Email |
|---|---|---|
| 6 | TF- US | ljjht@outlook.com; |
| 4 | Tearnelna | tearnelna@outlook.com; |
| 8 | Dweekiy d1 | z5566ee@126.com; |
| 10 | Terfulnel Direct Shop | dennina2008@outlook.com; |
| 13 | Qewmsg | verymorepander@outlook.com; |
| 15 | Deeyeh | deeyeh@163.com; |
| 16 | YANXINMAOYI | yanxintrading01@outlook.com; |
| 18 | BOSON SHOP | yeqing2020qi87@outlook.com; |
| 27 | Depisuta-US | pictuwat@163.com; |
| 30 | huijianzh | liusitong20088@163.com; |
| 32 | BCGCD US | 909314829@qq.com; |
| 34 | Fishlor | fishlor@sina.com; |
| 42 | CHUNBLING US | chuncunling@163.com; |
| 57 | yipin_Trade_USA | yufeng_usa@163.com; |
| 58 | NTPATSK | 664287370@qq.com; |
| 59 | Zizaqin | yuyaweitu@126.com; |
| 60 | blingii | ljx0096@126.com; |
| 63 | Hero World Limited | heroworldltd@gmail.com; |
| 64 | ZHU1ZHANQI | shengnanz9266@163.com; |
| 67 | Senyar | senyar123us@sina.com; |

20

| 68 | zhenpengda | zhenpengda_us@163.com; |
| 72 | Ezra Auto Parts | b2c1@ezraparts.com; |
| 74 | BAOYUAN US ONONLE | baoyuanamz@163.com; |
| 75 | XGeek-QY | zhangyinqi1997416@outlook.com; |
| 76 | ceverc | xingmiaokeji2022@163.com; |
| 80 | NingTengKeJi | nl0455833678@163.com; |
| 86 | TeSLA blanket | xiao33yu51yin6@outlook.com; |
| 90 | XINGXINGCAR | wang15716648876@163.com; |
| 92 | yangzeqin123 | jiawop568@163.com; |
| 95 | biaterd-US | akhdfu@sina.com; |
| 99 | ibrjib-5 | lunacinta70@yahoo.com; |
| 100 | shirtshub | qikgear@gmail.com; |
| 101 | bestcarmodel | modelfuturedian@163.com; |
| 102 | powsen.cao | powsen_sfl@163.com; |
| 103 | art-design-classics | ebay@art-design-classics.de; |
| 104 | longzhen | gaozhenglong821@outlook.com; |
| 105 | kcollection08 | zubrash08@gmail.com; |
| 106 | gunnr_7god | moresucculent@outlook.com; |
| 109 | lg-models99 | dragonmodels@hotmail.com; |
| 110 | hoba-essentials | bilalraja92@gmail.com; |
| 112 | greatesttees | winniethepoopooh@hotmail.com; |
| 113 | nbsnew0923 | nbsxiaohao20220923@163.com; |
| 114 | okas7662 | oktayasal1@gmail.com; |
| 118 | sithija_0 | sithijajayamal01@gmail.com; |
| 119 | twenty2020 | caocaosanguo123@outlook.com; |
| 120 | infinitelove3 | eiwjhgtoh@126.com; |
| 121 | burlapgift | yudapepi@yahoo.com; |
| 123 | uchoice-model | unasong@126.com; |
| 125 | signwerkzsigns | mhpc416@gmail.com; |
| 126 | mesh_autoparts | floralan819@gmail.com; |
| 127 | nicstar-333 | nicstar333@gmail.com; |
| 128 | dukenukemmaxxx | slavbleme@gmail.com; |
| 131 | hmg-studio | hmgdesign14@yahoo.com; |
| 134 | ah_717632 | adeahmadd22@gmail.com; |
| 135 | wwm-brand-shops | sichuang007@outlook.com; |
| 137 | magrup123 | peonia3434@gmail.com; |
| 138 | Zhen Store | thisarasasindu29@gmail.com; |
| 146 | sadiyarama-0 | diyarakhyar@gmail.com; |
| 147 | mykundeals | nguyentranhoaimyglk392@gmail.com; |
| 148 | model-car-shop | tanqunyu2015@163.com; |
| 149 | restarwin | restarwin68@163.com; |
| 150 | signs247 | info@signs247.com; |
| 151 | bavarianwholesales | ebay@autowin.eu; |

| | | |
|---|---|---|
| 152 | pride4u-5 | carolkay321@gmail.com; |
| 159 | orely_store | orelyehuda55@gmail.com; |
| 160 | wwm-us-store | rongmingkeji009@outlook.com; |
| 162 | top-sell-100 | basiledirisuriya@gmail.com; |
| 165 | Hookah-best | rongmingkeji006@outlook.com; |
| 167 | cutecu | hfzferaejghbjkh@126.com; |
| 169 | Autopartsacc | autopartsacc@163.com; |
| 170 | moscodeals | elimodeals2019@gmail.com; |
| 171 | gglzone | afronizaenal54@gmail.com; |
| 173 | aminfbaht0 | panduwic8@gmail.com; |
| 177 | atitaya | 1161105050198.atitaya@gmail.com; |
| 180 | the-bike-guys | ebay@max-motorcycles.co.uk; |
| 182 | rjxv6213 | 15889336397@163.com; |
| 184 | tdidangrafix | sales@tdidangrafix.co.uk; |
| 186 | WWMStoreUS | sichuang006@outlook.com; |
| 187 | hoomenpvt | yasithh064@gmail.com; |
| 188 | Dlsha_Arcade_Store | pasindudulshanjan9@gmail.com; |
| 189 | bangyu003003 | bangyu003@sina.com; |
| 190 | nt1sports | dehgarden@hotmail.com; |
| 193 | crazymotorzone | zncmt02@163.com; |
| 197 | batisiticklah | sebatiananam@yahoo.com; |
| 198 | uk_keyrings | paul-debnam@hotmail.com; |
| 199 | 77u | pro100@me.com; |
| 200 | tomasvonzodas | tomasvonz@yahoo.com; |
| 201 | pinkycouture2016 | pinkycouture17@gmail.com; |
| 203 | startsign | aboutasign@gmail.com; |
| 204 | wwping4043 | wwingtsa08054@outlook.com; |
| 205 | alkorc-16 | valleydesigns45@gmail.com; |
| 207 | pzww55 | pzwwqnfs@outlook.com; |
| 209 | goodprint4u | axstore301@gmail.com; |
| 210 | 3dprintbykim | lucas-van-dijk@hotmail.nl; |
| 211 | OZTOY | liyumei1128@126.com; |
| 212 | 97Mango | jeewan740@gmail.com; |
| 215 | Silviashirt | silvia.roshita@yahoo.com; |
| 216 | yejiagaogo | yejiagao2022@163.com; |
| 219 | wobies | idoebay2020@gmail.com; |
| 220 | akmalgiftshop | mualimahcolo@yahoo.com; |
| 221 | tecool-auto | ganhui@outdosensor.com; |
| 222 | auctions123_2007 | art@everyware.net.au; |
| 224 | essential_gfx | essential.gfx@outlook.com; |
| 226 | spyders_web | bones.boney@gmail.com; |
| 230 | ajgilbert | nathan@ajgilbert.com; |
| 233 | savers_shop2016 | winjul.riaz.co@gmail.com; |

| 235 | fishing_gear_store | nauriscep@gmail.com; |
|-----|--------------------|----------------------|
| 237 | round1readygo | roundround001@sina.com; |
| 238 | madcargifts | s.georgiev@remotek.bg; |
| 239 | babylinneisop | laeshipilukimae2@outlook.com; |
| 242 | zongdi2020 | zongdimei@outlook.com; |
| 244 | wh-glow-store | w.h.deeshani@gmail.com; |
| 245 | chenya_9579 | eksanyang@gmail.com; |
| 246 | laur-mirna | laura.mirnaja@gmail.com; |
| 247 | wolf_trading | thefoxboxshop@gmail.com; |
| 248 | nemo_4421 | nemo_auto@outlook.com; |
| 250 | funda48 | anwgm0@163.com; |
| 253 | sua_9556 | suans02@163.com; |
| 254 | qiye-74 | qiyefuhua@hotmail.com; |
| 257 | Ceylon Deal Den | thenushishenaya@gmail.com; |
| 260 | simons-hotwheels | simonedwards38@gmail.com; |
| 262 | alpha3dprinting | relieff5@gmail.com; |
| 264 | toptong | dong230324@163.com; |
| 265 | zongdi2020 | zongdimei@outlook.com; |
| 267 | thefacadeshop | facadeshopsigns@gmail.com; |
| 268 | tesdrive | erthicalltd@gmail.com; |
| 269 | charge_shop24 | juodkazis@gmail.com; |
| 271 | deep.brand | doaaeldeeb286@gmail.com; |
| 274 | obligee-store | njsales02@163.com; |
| 276 | m.s.h.20 | nordecco@nordecco.co.uk; |
| 278 | rochihouse | nimeshanjula1234@gmail.com; |
| 279 | zongdi2020 | zongdimei@outlook.com; |
| 280 | us-hookah-store | rongmingkeji007@outlook.com; |
| 281 | yejiag-2 | yejiagao2023@163.com; |
| 285 | gg3d_printing | grzegorzgermanowicz@gmail.com; |
| 286 | vigoshop2015 | vigosales7@hotmail.com; |
| 290 | tecool-au | 779353765@qq.com; |
| 291 | dongzhujie | chuiyuhua150@126.com; |
| 292 | signwerkz | mhpc@hotmail.ca; |
| 293 | autocarbon111 | gangshisha2022@163.com; |
| 295 | deshan2022 | deshansangakkara@gmail.com; |
| 297 | cenvi18 | cenvitech@hotmail.com; |
| 299 | promospec | waxseals@me.com; |
| 300 | kingshall193 | joezacek@gmail.com; |
| 301 | autoprotector-autoparts | autoprotector2019@outlook.com; |
| 302 | restom1206 | restarwin@163.com; |
| 303 | wwm-shop | sichuang005@outlook.com; |
| 304 | super_toy_mart | kbuddhika739@gmail.com; |
| 306 | Fengsheng_easysell | kefengsheng002@sina.com; |

| 309 | loge_3542 | lostgemscanada@gmail.com; |
| 310 | cheche9923 | zizhanghao1919@163.com; |
| 312 | bingoyou | bingoyou0427@163.com; |
| 313 | quwanautoparts | quwanba2019@163.com; |
| 315 | caw_3854 | cawaiji@163.com; |
| 316 | moran1976 | yvonnemoran3@gmail.com; |
| 318 | ezyleak | info.ezyleak.inc@gmail.com; |
| 320 | xingle230 | hbtb86@163.com; |
| 323 | ishop-888 | ishop888@myyahoo.com; |
| 326 | yourmachine | quwanbaebay@163.com; |
| 328 | redtag-official | banurafernando01@gmail.com; |
| 331 | us*hgs | baiweihgs@outlook.com; |
| 332 | alengcyli91 | shuxurilulyje1@outlook.com; |
| 335 | uppaua homcarzl | zl20230310@163.com; |
| 338 | sabosnowflower | sabo.ayesh90@gmail.com; |
| 343 | ssatradee | c.c.a.sergey@gmail.com; |
| 347 | kvdcr_54 | kvdcrjgsgk@outlook.com; |
| 348 | pg-diecast | mooserider50@hotmail.com; |
| 350 | quwanautoparts | quwanba2019@163.com; |
| 351 | wijes33 | samanwijesinghe075@gmail.com; |
| 353 | WWM-Hookah-Store | rongmingkeji008@outlook.com; |
| 355 | vehiclemodificationarea | se7en_may_2@outlook.com; |
| 359 | devon-mugs | charlesrowland@sky.com; |
| 360 | hanhaodepinpai | zhongshanhaode@hotmail.com; |
| 361 | putin2023 | aofeijp@163.com; |
| 362 | caiziming1124 | caiziming4531@outlook.com; |
| 363 | carrot-auto | limengni@outdosensor.com; |
| 364 | hoffysflagsoftheworld | jjhardy4u@gmail.com; |
| 365 | kit-car_store | manager.kitcar@gmail.com; |
| 366 | cuimayangbian-bobo | cjb3wuqingchao@sina.com; |
| 368 | antmcb_9 | tonymcb3@gmail.com; |
| 372 | ekiosk | rohanmedagoda@gmail.com; |
| 373 | family one car | liumingc025@163.com; |
| 374 | bazzarno1 | danieldobrogowski1@gmail.com; |
| 375 | Amarelnija | shoppingforeveryone55@gmail.com; |
| 376 | vindicator1986 | aledstarkey@gmail.com; |
| 377 | eHouse Needs | manawaduyasmith@gmail.com; |
| 384 | dmitjan | dmitrijevajana@gmail.com; |
| 385 | bshar4189 | bsharvey265@gmail.com; |
| 386 | autouncle23 | xiaoyuny123@outlook.com; |
| 389 | kr-supplies | acaitek55@gmail.com; |
| 393 | directonlineshooping | jongarritty@gmail.com; |
| 394 | leiyun0315 | chaozhen0315@outlook.com; |

| 395 | 24carcasa | carcasa24@outlook.com; |
| 399 | Figure_Heaven | sankaweththasinghe@yahoo.com; |
| 400 | dannyspeed155 | dannyspeed165@gmail.com; |
| 401 | Mohsaj-119 | mohamedsajidh119@gmail.com; |
| 402 | huiruiczzi | hnvvcheng@outlook.com; |
| 406 | marketplace360 | mp360.ebay@gmail.com; |
| 407 | jxmtauto11 | jxautoqw2058@outlook.com; |
| 408 | tools..warehouse | fcktheworld169@gmail.com; |
| 409 | medwayprinting-uk | spaliuliene@gmail.com; |
| 410 | fenycases | fenyyulistiana@yahoo.com; |
| 411 | nicho2021 | eujintudi02@163.com; |
| 412 | thikumara90 | thilakkumarasinghe70@gmail.com; |
| 414 | madeintheuk1969 | markrsmith3@outlook.com; |
| 415 | poznex | jakowczuk.aleksandr@gmail.com; |
| 418 | chenwei1921 | chenwei198902092@outlook.com; |
| 421 | race.style fan.style | nik.3711@gmail.com; |
| 422 | WellWellModelHOME | rongmingkeji@outlook.com; |
| 423 | thelotusshop | diongkc@yahoo.com; |
| 424 | kittastore | joshuabarreno21@gmail.com; |
| 425 | chamii_893 | chamidilshan707@gmail.com; |
| 426 | zastore..international | abdabdullah64@gmail.com; |
| 427 | mobilelife2u | dannyvapore@gmail.com; |
| 431 | motor3ports | dongdongq1988@gmail.com; |
| 433 | amazon-best-seller | yalandengshi@hotmail.com; |
| 434 | bigboystudiouk | bigboystudiouk@gmail.com; |
| 436 | tshirtmaker-ca | ericlefrancais@gmail.com; |
| 438 | nabdesigns2869 | nabclassicdesigns@outlook.com; |
| 439 | du9_9389 | du97160@163.com; |
| 442 | azharmalik786 | essentialclothing@hotmail.com; |
| 443 | amelia-home99 | amelia-home@outlook.com; |
| 445 | peni4store | penistore4@gmail.com; |
| 446 | aj_stocks | alijaved151515@gmail.com; |
| 447 | JadeBamboo | lingjian199019@163.com; |
| 448 | Best-price-ever-2023 | momo-001@live.com; |
| 450 | Oneforall421 | kazkas410@gmail.com; |
| 453 | gogoing2 | wsogewsg@126.com; |
| 454 | fenkoon | xly20200621@163.com; |
| 456 | pollypillion | elainefieldsend@gmail.com; |
| 458 | jahid-6005 | jhidayat024@gmail.com; |
| 459 | ywjydz201811 | zhichao0924s@outlook.com; |
| 462 | russbiker1234 | russ_biker@hotmail.co.uk; |
| 464 | wuhushilianqliangsh_0 | guq8081@163.com; |
| 466 | punk_rock_addict | sp2000tc@gmail.com; |

25

| | | |
|---|---|---|
| 467 | carprotector-autoparts | carprotector2022@outlook.com; |
| 468 | glasspro-1 | ethanyu2017@gmail.com; |
| 469 | motowear-evolution | kyra.trade1@gmail.com; |
| 474 | amil-jaya | amilajayatilake@gmail.com; |
| 477 | topautotrim15 | aiyaojiuyaoniu1916@163.com; |